# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANTHONY LAWSON,**

      **Plaintiff,**

**v.**                                           **Case No: 6:23-cv-1566-WWB-EJK**

**VISIONWORKS OF AMERICA, INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion to Seal (the "Motion") (Doc. 58), filed September 6, 2024. Upon consideration, the Motion is due to be denied.

Plaintiff seeks to file under seal portions of his Motion to Enforce Court Order and/or Compel Supplemental Production and portions of the deposition transcript of Jared Duley, which Defendant has designated confidential pursuant to the parties' confidentiality agreement. (Doc. 58-1.) While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *U.S. v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information

confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

In addition, Local Rule 1.11 requires the following for filing a document under seal if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reasons . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

Local Rule 1.11(c).

Plaintiff seeks to file Defendant's confidential information to support Plaintiff's Motion to Compel. While Local Rule 1.11 does not directly address this situation, the undersigned determines that, since Defendant designated the deposition transcript as confidential, Defendant here is the designating party. (Doc. 58 at 1–2.) Defendant therefore bears the burden of demonstrating good cause and making the motion to

seal. *See, e.g.*, *Smart Commc'ns Holding, Inc. v. Correct Sols., LLC*, No. 8:20-CV-1469-JLB-JSS, 2022 WL 1081564, at *2 (M.D. Fla. Apr. 11, 2022) (stating that the designating party must demonstrate good cause). Therefore, the Court will deny the Motion and allow Defendant an opportunity to establish why the documents in question should be sealed.

The undersigned will also take this opportunity to discourage the practice of unnecessarily designating material as confidential. The designation itself carries little weight with the Court and leads to unnecessary motion practice and delay, especially in light of the undersigned's expedited procedures for discovery disputes. To the extent that the parties wish to utilize confidentiality designations, they should work in good faith to ascertain, prior to a court filing, whether designated material that a party intends to use in the court filing meets the Court's standard for sealing, which the undersigned strictly enforces.

Accordingly, and upon consideration, it is **ORDERED** that:

1. Plaintiff's Motion to Seal (Doc. 58) is **DENIED WITHOUT PREJUDICE**.
2. Defendant has until **September 16, 2024,** to file a motion to seal. If Defendant fails to file a motion to seal by this date, Plaintiff is **DIRECTED** to file an unredacted copy of the motion to compel on the public docket **on September 17, 2024**.

**DONE** and **ORDERED** in Orlando, Florida on September 12, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE