UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTHONY LAWSON,**

      **Plaintiff,**

v.                                            **Case No: 6:23-cv-1566-WWB-EJK**

**VISIONWORKS OF AMERICA, INC.,**

      **Defendant.**

**ORDER**

This cause comes before the Court on Defendant's Motion for Leave to File Under Seal (the "Motion") (Doc. 62), filed September 16, 2024. For the reasons set forth below, the Motion is due to be granted.

**I.    BACKGROUND AND STANDARD**

Anthony Lawson ("Plaintiff") instituted this case against Defendant on August 16, 2023, alleging that Defendant sent Plaintiff and putative class members unsolicited text messages in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et. seq*. (Doc. 1.) On September 6, 2024, Plaintiff filed a Motion to Seal pursuant to the parties' confidentiality agreement. (Doc. 58.) The Court denied Plaintiff's Motion to Seal without prejudice for failure to satisfy Local Rule 1.11. (Doc. 61.) Defendant, as the designating party, then filed the present Motion to justify the seal. (Doc. 62.)

Local Rule 1.11(b) requires the following for filing a document under seal:

> [The Motion] (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal"; (2) must describe the item [proposed for sealing]; (3) must establish . . . filing the item is necessary, . . . sealing the item is necessary, and . . . using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) must include a legal memorandum; (5) must propose a duration of the seal; (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See*

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

## II.   DISCUSSION

The Court finds that Defendant has complied with the requirements under Local Rule 1.11(b) for filing a motion to seal and has articulated good cause for filing its Motion to Enforce Court Order and/or Compel Supplemental Production and the deposition transcript of Jared Duly—which Defendant has designated confidential pursuant to the parties' confidentiality agreement—under seal. (Doc. 58-1.) Specifically, Defendant states that Jared Duly's deposition transcript provides testimony that discusses highly sensitive internal business data relating to Defendant's communications with patients, including personally identifying information and health information protected under HIPAA. (Doc. 62 at 2.)

Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing

of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). Here, Defendant's internal business data related to Defendant's communications with patients and the patients' personally identifiable information could violate Defendant's and third-parties' privacy interests if made public. Therefore, the undersigned determines that Defendant's Motion to Enforce Court Order and/or Compel Supplemental Production and Jared Duly's deposition transcript, may be filed under seal.

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Seal (Doc. 62) is **GRANTED**. **On or before September 20, 2024**, Defendant is **DIRECTED** to file its Motion to Enforce Court Order and/or Compel Supplemental Production and the deposition transcript of Jared Duly (Docs. 62-1; 62-2) under seal, as a separate docket entry, through CM/ECF. The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on September 19, 2024.

*[Signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE